IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
FOR THE SECOND JUDICIAL DISTRICT AT MARION

DANIEL L. WILLIAMS,

    Plaintiff,

vs.

FRITZCO M. GASAWAY
a/k/a FRITZLO M. GASAWAY, Individually,
and WERNER ENTERPRISES, INC.,

    Defendants.

No. CV2013-339

JURY DEMAND

## COMPLAINT FOR COMMERCIAL MOTOR VEHICLE NEGLIGENCE

**COMES NOW** your Plaintiff, Daniel L. Williams, by and through counsel, and files this Complaint for commercial motor vehicle negligence against the Defendants herein, and for cause of action, Plaintiff respectfully charges and avers as follows:

1. Plaintiff, Daniel L. Williams, respectfully alleges that he is an adult, resident citizen of Earle, Crittenden County, Arkansas.

2. Upon information and belief, Plaintiff alleges that Defendant, Fritzco M. Gasaway a/k/a Fritzlo M. Gasaway [hereinafter referred to as "GASAWAY"], is an adult, resident citizen of Glendale, Maricopa County, Arizona, residing at 5755 N. 59th Street, Apt. 15202, Glendale, Arizona 85392.

3. Upon information and belief, Plaintiff alleges that Defendant, Werner Enterprises, Inc. is a for profit corporation and commercial motor vehicle carrier licensed by the Department of Transportation with a principal place of business in Omaha, Nebraska, engages, and was so



engaged at the time of the wreck complained of herein, in interstate commerce throughout the continental United States. Defendant, Werner Enterprises, Inc, is amenable to service of process through its designated registered agent, National Registered Agents, Inc. of AR, 124 W Capitol Ave. Ste. 1900 Little Rock, AR 72201.

4. Plaintiff further alleges that at all times mentioned herein, Defendant, GASAWAY, was driving a commercial motor vehicle [hereinafter referred to as "CMV"], specifically, a blue 2011 International Prostar tractor trailer, VIN # 3HSCUAPR6BN267334, and was on or about the business as an agent, servant, and/or employee of defendant Werner Enterprises, Inc. operating the subject CMV under the operating authority of the defendant, Werner Enterprises, Inc. and pursuant to the Federal Motor Carrier Safety Regulations [hereinafter referred to as "FMCSR"], specifically, C.F.R. section 376.2(a), defendant Werner Enterprises, Inc. is liable for the negligent acts and omissions of defendant, GASAWAY.

5. Furthermore, Plaintiff alleges that defendant GASAWAY was driving the CMV for profit and with the permission, consent and/or approval of defendant, Werner Enterprises, Inc. Plaintiff further alleges that defendant, GASAWAY was acting within the course and scope of his employment with defendant, Werner Enterprises, Inc., and pursuant to the common law doctrine of *Respondeat Superior*, every act of negligence alleged herein against defendant, GASAWAY, should be imputed to defendant, Werner Enterprises, Inc. and that this for profit corporation is liable to the Plaintiff for his resulting injuries and damages.

6. Plaintiff further alleges that this cause of action arises in tort out of personal injuries and damages incurred as a result of an automobile/CMV wreck which occurred in Earle, Crittenden County, Arkansas, on or about October 9, 2013. Said wreck is the subject matter of

this cause of action and Defendants are, therefore, subject to the jurisdiction, venue, and service of process of this Honorable Court.

## FACTS

7. Plaintiff alleges that at all times herein, Defendants were subject to the FMCSRs codified in Title 49, Code of Federal Regulations.

8. Plaintiff, Daniel L. Williams, alleges that on or about October 9, 2013, at approximately 9:00 a.m., Plaintiff, Daniel L. Williams, was operating a blue 2008 Ford Fusion automobile, registered to Valra D. Herrod, in a southbound direction on Highway 149, when he entered Arkansas Street in an attempt to make a left turn and travel east on said street.

9. Plaintiff alleges that at all times herein, he had the right of way to enter Arkansas Street from Highway 149, and at all times prior to the subject wreck, he was operating his vehicle in a safe, cautious and prudent manner, obeying all of the rules and regulations of the roadway.

10. At said time and location, Defendant, GASAWAY, was operating a CMV owned and maintained by defendant Werner Enterprises, Inc., and under the authority of Defendant, Werner Enterprises, Inc., traveling in a westbound direction on Arkansas Street.

11. Plaintiff alleges that Defendant, GASAWAY, while traveling westbound on Arkansas Street had a duty to obey the yield sign controlling his lane of travel on Arkansas Street and yield to all traffic entering Arkansas Street from Highway 149 including the plaintiff's vehicle.

12. Plaintiff alleges upon information and belief that defendant GASAWAY negligently and recklessly disregarded the yield sign controlling his lane of travel westbound on Arkansas Street and violently struck the driver's side of plaintiff's vehicle.

13. Plaintiff further alleges that upon impact with the Defendants' CMV, the great

3

force of the collision and impact propelled Plaintiff's vehicle into a utility pole.

14. Plaintiff alleges that GASAWAY's negligence and reckless conduct in completely disregarding the yield sign and failing to yield to Plaintiff's vehicle and the resulting collisions and impacts proximately caused Plaintiff to suffer catastrophic and life altering injuries and damages hereinafter described.

15. The Plaintiff's injuries and damages were the direct and proximate result of the negligence and negligence per se of Defendant, GASAWAY, and which acts of negligence and negligence per se should be imputed to Defendant, Werner Enterprises, Inc., and the negligent retention, negligent supervision, and negligent entrustment by Defendant, Werner Enterprises, Inc., of its employee, Defendant, GASAWAY.

## ACTS OF NEGLIGENCE

16. Plaintiff charges and avers that Defendant, GASAWAY, was guilty of the following acts of common law negligence, which were a direct and proximate cause of your Plaintiff's severe personal injuries, and which said negligence is hereby imputed to the Defendant, Werner Enterprises, Inc., to-wit:

   a. In negligently failing to use the degree of care and caution in the operation of a commercial motor vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

   b. In negligently failing to devote full time and attention to the operation of the commercial motor vehicle;

   c. In negligently failing to use reasonable care to avoid injury to others while operating a commercial motor vehicle;

   d. In negligently failing to see what was there to be seen;

4

  e. In negligently failing to maintain a due and proper look out;

  f. In negligently speeding under the then and their existing circumstances;

  g. In negligently disregarding the yield sign controlling his lane of travel;

  h. In negligently failing to yield to plaintiff's vehicle.

17. Plaintiff further charges and avers that Defendant, GASAWAY, was likewise guilty of violating code sections of the Arkansas Code Annotated, including, but not limited to, the following sections, each and every one of which were in full force and effect at the time and place of said collision, constituting negligence *per se*, which were a direct and proximate cause of your Plaintiff's severe personal injuries, and which said violations are hereby imputed to the Defendant, Werner Enterprises, Inc., to-wit:

  **A.C.A. §27-51-104. Careless and prohibited driving.**
  (a) It shall be unlawful for any person to drive or operate any vehicle in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, vehicular or otherwise, or in such a manner as to evidence a failure to maintain proper control on the public thoroughfares or private property in the State of Arkansas.
  (b) It shall be unlawful for any person to operate or drive any vehicle on the public thoroughfares or private property in the State of Arkansas in violation of the following prohibited acts:
  (1) Improper or unsafe lane changes on public roadways;
  (2) Driving onto or across private property to avoid intersections, stop signs, traffic control devices, or traffic lights;
  (3) Driving in such a manner or at such a speed so as to cause a skidding, spinning, or sliding of tires or a sliding of the vehicle;
  (4) Driving too close to or colliding with parked or stopped vehicles, fixtures, persons, or objects adjacent to the public thoroughfares;
  (5) Driving a vehicle which has any part thereof or any object extended in such fashion as to endanger persons or property;
  (6) To operate any vehicle in such a manner which would cause a failure to maintain control;
  (7) To operate or drive a vehicle wherein or whereon passengers are located in such a manner as to be dangerous to the welfare of such passengers; or

(8) To operate a vehicle in any manner when the driver is inattentive and such inattention is not reasonable and prudent in maintaining vehicular control.
(c) A person who violates this section shall be subject to a fine not to exceed one hundred dollars ($100).

A.C.A. §27-51-601. Stop signs and yield signs.
(a) Preferential right-of-way at an intersection may be indicated by stop signs or yield signs as authorized by law.
(b) Every stop sign and every yield sign shall be erected as near as practicable to the nearest line of the crosswalk on the near side of the intersection or, if there is no crosswalk, then as near as practicable to the nearest line of the intersection roadway.
(c) (1) Every stop sign shall bear the word "STOP" in letters not less than eight inches (8") in height.
(2) Every yield sign shall bear the word "YIELD" in letters not less than seven inches (7") in height.
(3) Every stop sign and every yield sign shall at nighttime be rendered luminous by internal illumination or by a floodlight projected on the face of the sign or by efficient reflecting elements in the face of the sign.
(d) Except when directed to proceed by a police officer or traffic control signal, every driver of a vehicle and every operator of a streetcar approaching a stop intersection indicated by a stop sign shall stop before entering the crosswalk on the near side of the intersection. In the event there is no crosswalk, the driver or operator shall stop at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection.
(e) The driver of a vehicle approaching a yield sign, if required for safety to stop, shall stop before entering the crosswalk on the near side of the intersection. In the event there is no crosswalk, the driver shall stop at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway.

A.C.A. §27-51-503. Vehicle or streetcar entering stop or yield intersection.
(a) Preferential right-of-way at an intersection may be indicated by stop signs or yield signs as authorized by law.
(b) Except when directed to proceed by a police officer or traffic control signal, every driver of a vehicle and every operator of a streetcar approaching a stop intersection indicated by a stop sign shall stop as required by § 27-51-601, and after having stopped, shall yield the right-of-way to any vehicle which has entered the intersection from another highway or which is approaching so closely on the highway as to constitute an immediate hazard. The driver having so yielded may proceed, and the drivers of all other vehicles approaching the intersection shall yield the right-of-way to the vehicle so proceeding.
(c) (1) The driver of a vehicle or the operator of a streetcar approaching a yield sign shall, in obedience to such sign, slow down to a speed reasonable for the

existing conditions, or shall stop if necessary as provided in § 27-51-601, and shall yield the right-of-way to any pedestrian legally crossing the roadway on which he or she is driving. The driver shall also yield to any vehicle in the intersection or approaching on another highway so closely as to constitute an immediate hazard. A driver having so yielded may proceed, and the drivers of all other vehicles approaching the intersection shall yield to the vehicle so proceeding.
(2) If a driver is involved in a collision with a pedestrian in a crosswalk or a vehicle in the intersection after driving past a yield sign without stopping, the collision shall be deemed prima facie evidence of his or her failure to yield right-of-way.

## NEGLIGENT ENTRUSTMENT

18. Plaintiffs charge and aver that defendant Werner Enterprises, Inc. negligently entrusted the use of its CMV to defendant GASAWAY. Plaintiff further alleges upon information and belief that defendant Werner Enterprises, Inc. knew, or in the exercise of due diligence and reasonable inquiry, should have known of defendant GASAWAY's propensity and proclivity to drive in an illegal, unlawful, negligent and/or reckless manner.

19. Plaintiff further charges and avers that defendant Werner Enterprise Inc.'s entrustment of the commercial motor vehicle to defendant GASAWAY was the cause-in-fact and legal cause of Plaintiff's injuries and damages.

## INJURIES AND DAMAGES

20. Plaintiff alleges that as a direct and proximate result of the herein above described negligent acts of Defendants, Plaintiff sustained multiple, serious, catastrophic and life altering injuries to his body, including, but not limited to his head, traumatic brain injury, spinal fractures and injuries, blunt force trauma to internal organs including the liver, paralysis of his body, permanent impairment, disability, scarring and disfigurement.

21. Plaintiff alleges that he has endured pain and suffering, and that he continues to

7

suffer and will suffer in the future from the injuries arising out of the subject wreck.

22. Plaintiff alleges that he has incurred reasonable and necessary medical expenses in order to alleviate his pain and suffering, and believes that he will incur said expenses in the future.

23. Plaintiff further alleges that he has sustained a loss of enjoyment of life past, present and future as a result of the subject wreck.

24. Plaintiff further alleges that he has sustained mental anguish and mental injuries as a result of the subject wreck past present and future.

### RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Daniel L. Williams, sues the defendants, GASAWAY and Werner Enterprises, Inc. for a reasonable amount of restitution and compensation for his damages to be determined by twelve Honorable and good citizens of Crittenden County but not to exceed the sum of TWENTY MILLION ($20,000,000.00) DOLLARS actual and compensatory.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff respectfully prays for damages as they may appear on the trial of this cause reserving the right to amend this pleading to conform to the facts as they may develop, for cost and interest, and for all other general relief justified by the facts under the law or equity. Plaintiff also prays that this matter be heard by a jury.

Respectfully submitted,

NAHON, SAHAROVICH & TROTZ, PLC

_____
Corey B. Trotz, (No. 2005256)
Attorney for Plaintiff
488 S. Mendenhall Road
Memphis, Tennessee 38117
Tele: (901) 683-2751

_____
Daniel G. Cossey, (No. 2012075)
Attorney for Plaintiff
488 S. Mendenhall Road
Memphis, Tennessee 38117
Tele: (901) 683-2751